**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1706**

FIDELITY BANK PLC,

                  Plaintiff - Appellee,

            v.

M/T TABORA, her engines, boilers, etc. In Rem, et al.;
NORTHERN FOX SHIPPING N.V.; ERES N.V. BELGIUM, in personam,

                  Defendants – Appellants,

            and

THE MASTER OF THE M/T TABORA,

                  Garnishee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.  (1:05-cv-00871-WDQ)

Argued:  March 24, 2009              Decided:  June 16, 2009

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Alexander McKenzie Giles, SEMMES, BOWEN & SEMMES,
Baltimore, Maryland, for Appellants.  James Dygert Skeen, SKEEN
& KAUFFMAN, LLP, Baltimore, Maryland, for Appellee.  **ON BRIEF:**
JoAnne Zawitoski, SEMMES, BOWEN & SEMMES, Baltimore, Maryland,
for Appellants.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eres N.V. Belgium (Eres) and Northern Fox Shipping N.V. (Northern Fox) appeal the district court's dismissal of their wrongful arrest counterclaim against Fidelity Bank PLC (Fidelity) on forum non conveniens grounds. The dismissal was conditioned on the Nigerian Federal High Court accepting jurisdiction over Eres and Northern Fox and their counterclaim, which would make an alternative forum available, according to the district court. On March 19, 2009, less than a week before we heard oral argument (and well after the district court ruled), the Nigerian Federal High Court issued a decision making it clear that the Nigerian courts have not accepted jurisdiction. We therefore vacate the district court's dismissal order and remand for further proceedings.

I.

The facts underlying the dispute between the parties were set forth in some detail in our opinion in the previous appeal in this case. See Fidelity Bank v. Northern Fox Shipping N.V., 242 F. App'x 84 (4th Cir. 2007) (unpublished) (affirming the forum non conveniens dismissal of two of Eres and Northern Fox's counterclaims while vacating and remanding with respect to the dismissal of the wrongful arrest counterclaim, the claim at issue today). A brief summary of those facts follows.

Eres, a Belgian corporation, chartered the M/T Tabora, a vessel owned by Northern Fox, a Netherlands Antilles corporation to deliver a shipment of bitumen from Curacao, Netherlands Antilles, to a predetermined place just outside Nigerian waters near the port of Lagos, Nigeria. In the fall of 2002 Eres and Northern Fox engaged in a dispute with Fidelity, a bank organized and located in Nigeria that held the bills of lading for the cargo (bitumen), over the failed delivery of the cargo. That dispute eventually led Fidelity to have the M/T Tabora arrested in the port of Baltimore, Maryland, on March 31, 2005, pursuant to a verified complaint, which included Eres and Northern Fox as defendants. The complaint sought $8,871,076 in damages.

The warrant for the arrest of the M/T Tabora was vacated five days later (on April 5, 2005) based on the district court's determination that Fidelity's in rem claim against the ship was time barred and that Fidelity had failed to establish that it had a pending claim against Eres and Northern Fox in Nigeria. Fidelity then made an ex parte application to the Federal High Court in Nigeria for an order allowing Fidelity to serve by courier outside Nigerian jurisdiction an amended statement of claim for wrongful arrest on Eres and Northern Fox, which that court granted on April 8, 2005. The district court in Maryland, however, denied Fidelity's subsequent motion to

4

reconsider its order vacating the arrest of the M/T Tabora. Meanwhile, also on April 8, 2005, Eres and Northern Fox filed their answer in district court along with a counterclaim alleging wrongful arrest of the M/T Tabora, seeking unpaid demurrage charges from Fidelity, and requesting a declaratory judgment that Fidelity's claim was time barred.

After Eres and Northern Fox filed a motion for summary judgment on September 23, 2005, Fidelity moved on October 12, 2005, to have its complaint dismissed without prejudice under Fed. R. Civ. P. 41(a)(2) and to have the entire action (including Eres and Northern Fox's counterclaim) dismissed on forum non conveniens grounds. On December 9, 2005, the district court granted Fidelity's forum non conveniens motion and denied Eres and Northern Fox's summary judgment motion as moot.

On December 20, 2005, the Nigerian Federal High Court issued an order dismissing the April 8, 2005, order allowing Fidelity to serve Eres and Northern Fox by courier (or substituted service). The Nigerian court also stated that it lacked in rem jurisdiction over the M/T Tabora, but that its original writ of summons was still valid in personam against Eres and Northern Fox. Fidelity filed a notice of appeal in the Nigerian Court of Appeal challenging several rulings of the Federal High Court. Fidelity claims that its appeal encompassed the December 20, 2005, ruling of the Federal High Court.

Meanwhile, Eres and Northern Fox appealed the Maryland district court decision. On July 13, 2007, this court affirmed the forum non conveniens dismissal as to the demurrage and declaratory judgment counts of Eres and Northern Fox's counterclaim, but vacated the dismissal of their wrongful arrest count and remanded for further forum non conveniens analysis. Fidelity Bank, 242 F. App'x at 92-93. Specifically, we determined (1) that Fidelity had failed to show that Nigerian law recognized a claim for wrongful arrest or that the Nigerian courts would take jurisdiction of that claim and (2) that the district court had not properly weighed the public and private interest factors at issue. Id. (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)).

After remand the district court received further evidence and briefing on these questions, and on February 28, 2008, it again dismissed Eres and Northern Fox's wrongful arrest counterclaim on forum non conveniens grounds. The district court first concluded that Eres and Northern Fox had "the better of the statutory argument" that Nigerian law did not confer jurisdiction over their wrongful arrest counterclaim. Nevertheless, the court determined that a Nigerian forum "may be available" and "appears to be adequate" for the purposes of forum non conveniens. J.A. 1293, 1296. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 247-55 (1981) (requiring that the

6

foreign forum be both available and adequate). In its discussion of whether Nigeria was an available forum, the district court noted that Fidelity had an ongoing appeal in the Nigerian Court of Appeal potentially challenging the December 20, 2005, order of the Nigerian Federal High Court that had vacated its earlier order allowing Fidelity to serve Eres and Northern Fox by courier. A decision in Fidelity's favor would render Eres and Northern Fox parties to the Nigerian action. The district court thus concluded that "there exist[ed] a possibility that Eres and Northern Fox could bring the wrongful arrest counterclaim in Nigeria," even though "the status of the Nigerian action appear[ed] to be in flux." J.A. at 1296. Because of this uncertainty, the district court conditioned its forum non conveniens dismissal on "the Nigerian Federal High Court accepting jurisdiction over [Eres and Northern Fox] and their counterclaim." J.A. 1301.

Eres and Northern Fox then filed the appeal pending before us today. At oral argument on March 24, 2009, counsel for Eres and Northern Fox informed us that the Court of Appeal in Nigeria had recently issued a written decision in Fidelity's purported appeal of the December 20, 2005, order of the Federal High Court. That decision, issued on March 19, 2009, was submitted to this court on March 31. The decision held that Fidelity's notice of appeal had in fact failed to appeal the

7

December 20, 2005, order, which therefore remained intact. Fidelity Bank PLC v. M/T "Tabora", CA/L/551/2006, slip op. at 26 (Court of Appeal, Holden at Lagos March 19, 2009).

## II.

We review a district court's forum non conveniens decision for abuse of discretion. Piper Aircraft, 454 U.S. at 257. Forum non conveniens analysis proceeds in two steps. First, a court determines whether there exists an alternative forum that is both available and adequate. Piper Aircraft, 454 U.S. at 254. Second, if such a forum exists, the court must then weigh the private and public interest factors from Gulf Oil. 330 U.S. 501.

The primary issue before the district court was whether the Nigerian courts would recognize and entertain Eres and Northern Fox's counterclaim for wrongful arrest. If not, Nigeria would not be available as an alternative forum. The district court held that because there was a possibility that the pending appeal in the Nigerian Court of Appeal would result in the assertion of jurisdiction over Eres and Northern Fox and their claims, Nigeria was an available alternative forum. But in order to account for the uncertainty surrounding the Nigerian proceedings, the district court conditioned its forum non conveniens dismissal on the Nigerian Federal High Court

8

accepting jurisdiction over Eres and Northern Fox and their counterclaim.

Notwithstanding the inclusion of the condition, there is a question of whether a forum non conveniens dismissal may be based on only a possibility that an alternative forum is available. See Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan, 273 F.3d 241, 247 (2d Cir. 2001) (holding that a district court dismissing a case on forum non conveniens grounds should have a "'justifiable belief' that the [alternative forum] would not decline to hear the case."). However, we need not grapple with that question because the March 19, 2009, decision of the Nigerian Court of Appeal has made it clear that the Nigerian courts have not accepted jurisdiction over the wrongful arrest claim at issue here. That decision affirmed the continuing vitality of the Nigerian Federal High Court's December 20, 2005, order, which dismissed a prior order allowing Fidelity to serve Eres and Northern Fox by courier outside Nigerian jurisdiction. Fidelity Bank, CA/L/551/2006, slip op. at 26. The Court of Appeal decision states in no uncertain terms that the Nigerian courts lacked in rem jurisdiction over the M/T Tabora, that service has not been made on Eres or Northern Fox, and that substituted service cannot be made on Eres and Northern Fox because the December 20,

9

2005, order of the Federal High Court disallowing such service was left intact.  CA/L/551/2006, slip op. at 15, 26.

Thus, regardless of whether the district court erred in granting a forum non conveniens dismissal, the condition on which that dismissal was based -- that the Nigerian Federal High Court accept jurisdiction over Eres and Northern Fox and their counterclaim -- has not been satisfied.  We therefore vacate the district court's order dismissing Eres and Northern Fox's wrongful arrest counterclaim and remand for proceedings on the merits of that claim.

VACATED AND REMANDED